## BUSH v. CELLA.

1. PLEADING: *Ambiguity in, corrected by motion.*

   Although the material allegations of a pleading are ambiguous and uncertain, if the inference may be drawn therefrom by a fair intendment, that facts exist sufficient to constitute a cause of action or ground of defense, the defect must be corrected by a motion to make more definite and certain, and not by demurrer.

2. SPECIFIC PERFORMANCE: *Of agreement to convey lands.*

   Where a purchaser of lands causes them to be conveyed to a married woman under an agreement with her husband, who pays the purchase money, that upon the repayment of the amount with interest, he will cause the lands to be conveyed to the purchaser, and the latter enters into possession and makes valuable improvements under the contract, he may enforce it against the wife, who in such case will hold the title as a naked trustee.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

This is an action of ejectment, to recover possession of a lot in the Town of Texarkana. The complaint is in the usual form, and alleges title in the plaintiff under conveyances from the United States government to one Thomas T. Murray, and from him to the plaintiff.

The defendant answered, denying plaintiff's ownership of the lot, and alleging that said Thomas T. Murray, on or about November 1, 1885, being the owner of said lot, entered into negotiations with defendant to sell it for him; that Murray proposed to take $300 for it, and give defendant for his commissions all over that sum which he might be able to get; that defendant then proposed to purchase it himself for that sum, to which Murray agreed. This was consummated on or about November 13, 1885. Defendant then borrowed from J. L. Cella, the husband of plaintiff, $300, with which to make the purchase, agreeing to repay said amount with 20 per cent. interest thereon, after the expiration of one year, and further agreeing that the deed might be made by Murray to said Cella, or to his wife, the plaintiff, to be held as security for such repayment, and a reconveyance to be made to defendant upon

Bush v. Cella.

such repayment.   Defendant afterwards, upon maturity of the loan, presented a deed to plaintiff for her examination and signature, stating that he was prepared to pay the loan and interest as agreed upon.   Plaintiff disclaimed any knowledge of the transaction, and desired to consult her husband about it. Defendant then left her house, thinking that at a convenient time the deed to him would be properly executed and presented and the money demanded, and he alleges a willingness and readiness at all times since the maturity of the loan to pay it and the 20 per cent. interest thereon according to agreement. The answer further states that ever since his said purchase from Murray, defendant has lived on said lot with his family, has made valuable improvements thereon, paying about $200 therefor, and has paid all taxes assessed against it, and that plaintiff was never consulted nor asked to pay for any of these things; and denies that defendant wrongfully holds possession of the lot, or has damaged plaintiff, and prays that the cause be transferred to the equity docket; that plaintiff's deed be held and treated as a mortgage to secure the money loaned; that plaintiff be required to convey the lot to defendant upon payment by him of the $300 and interest as agreed on, which sum he then brought into court and tendered, and for other relief.   To this answer plaintiff demurred.   The demurrer was sustained, and defendant declining to answer further, judgment was rendered against him, and he appealed.

*Dan W. Jones* and *Thomas B. Martin*, for appellant.

1.  Parol evidence is admissible to show that a deed, absolute on its face, was intended as a mortgage.  *5 Ark., 321; 18 id., 34; 7 ib., 505; 13 ib., 112; 15 ib., 280; 23 ib., 479; 40 ib., 146.*

2.  If the cross-complaint set up a defective or uncertain defense, a motion to make more certain and definite, was the proper mode to correct, and not a demurrer.  *31 Ark., 383; 32 ib., 131–5–6.*

Bush v. Cella.

*Scott & Jones,* for appellee.

1.   It requires clear and decisive testimony to show that a conveyance, absolute on its face, was intended as a mortgage. *31 Ark., 163; 19 id., 278; 1 Story Eq. Jur., sec. 152; 7 Otto, 624.*

2.   The answer is wholly without averments as to material facts; it is not alleged that the conveyance was made for the consideration of securing to appellee the loan of $300. Nor does it appear that in any transaction had by appellant with J. L. Cella, the husband, the latter was agent of his wife, or that the conveyance was the result of appellant's negotiations with her husband and Murray; nor that the $300 alleged to have been borrowed, was the $300 used in making the purchase, etc.   See *45 Ark., 302.*

*Francis Johnson,* also for appellee.

To establish a resulting trust all the facts must be clearly set out. *Perry Trusts, sec. 137.* The very first element is lacking, viz. : That the consideration moved the party seeking to enforce the trust.

2.   Specific performance of an executory contract will not be enforced against a married woman. *38 Ark., 31; 44 id., 113.*

3.   The alleged contract is void for usury.

PER CURIAM.   The allegations of the cross-complaint are
PLEADING.: slovenly, ambiguous and uncertain as to some of the material facts necessary to sustain it; but the inference may be drawn, by a fair intendment from the allegations, that the defendant either caused the deed upon which the plaintiff relies to be executed to her as security for money loaned him by her husband ; or that it was executed to the plaintiff under an agreement with the husband, who paid the purchase money, that upon repayment by the defendant of the amount, with interest, he should cause the land to be conveyed to the defendant, and that the latter had entered into possession under the agreement, paid the taxes and made valuable improvements in part performance of the contract.   In either

event a defense or cause of action was defectively stated, and the plaintiff's remedy was by motion to make more certain, and not by demurrer.

In the second contingency, the allegations, the truth of which is confessed by the demurrer, show the wife to be a naked trustee, or only a conduit for the passage of the title, and her coverture would present no argument against the enforcement of the contract.

Reverse the judgment and remand the cause with instructions to overrule the demurrer.