MURRELL *v.* HENRY.

Opinion delivered February 8, 1902.

1. SUBROGATION—MORTGAGE.—Where the secretary of a building asso-
ciation, while under bond to save the association harmless from
her mistakes, overpaid defendant $45 on a loan secured by note
and mortgage, and in performance of her bond paid the sum
named to the association, she is not a volunteer, but is entitled
to be subrogated to the rights of the association under the note and
mortgage, as to such overpayment with interest. (Page 162.)

2. PLEADING—MOTION TO MAKE SPECIFIC.—A defective statement of a
good cause of action is reached by motion to make the complaint
more definite and certain, but not by demurrer. (Page 163.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Reversed.

Mrs. Mary B. Murrell sued T. Frank Henry and others, alleg-
ing that on the 20th day of April, 1889, the appellees executed to
the Ladies Building Association, Perpetual, a mortgage to secure
an advance of ten shares of stock for the sum of $250. That ap-
pellant was secretary of said association, and in paying the amount
called for she paid the defendants an excess of $45.45. That this
sum was secured by the said mortgage on lot 10, block 8, in Mc-
Diarmid's subdivision or addition to the town of Argenta. That
after she discovered her mistake she went to the defendant, T.
Frank Henry, and apprised him of the fact, and he promised to
repay the same. That he had spent the money and was then unable
to do so, but executed his promissory note to the said association,
payable one month after date, in which he stated that it was the
amount of an overdraft at the date of his said loan. That appel-
lant as secretary was bound to the said association in the bond of
$10,000, which compelled her to make good this and similar mis-
takes. That, to protect her bond and to prevent this amount from
being carried by the association as an irregular amount, she paid
the amount of the note to the association, and took an assignment
of the note to herself. That afterwards the said T. Frank Henry

indorsed on the note that he agreed to pay it in sums of $5 per month, using this language: "The same being secured by mortgage to the Ladies Building Association, Perpetual, now of record in Pulaski county." The prayer was for subrogation to the rights of the building association and for judgment of debt, foreclosure of mortgage and general relief.

The court sustained a demurrer to the complaint on the ground "that the complaint does not state facts sufficient to show that she should be subrogated to the rights of the said association." The court rendered judgment on the note in favor of plaintiff, but refused the relief asked by way of subrogation. Plaintiff has appealed.

*Blackwood & Williams,* for appellant.

Demurrer was not the remedy. There should have been a motion to make more specific. 31 Ark. 379, 657; 38 Ark. 393. One who pays money at vendee's request, and takes new notes and mortgage, is entitled to be subrogated to vendor's lien. 32 Ark. 258, 346; 35 Ark. 24; 34 Ark. 569; 38 Ark. 385; 39 Ark. 531; 40 Ark. 132; 41 Ark. 149; 42 Ark. 77. Appellant was entitled to be subrogated to Henry's rights. 45 Ark. 149; 47 Ark. 421; 50 Ark. 205; 52 Ark. 499; 53 Ark. 303; 55 Ark. 505; 54 Ark 273; 55 Ark. 163; 56 Ark. 73, 574; 31 Ark. 311; 50 Ark. 361; Bishp. Eq. §§ 27, 355. Appellant was not a volunteer. 158 Ill. 532. Assignment of the mortgage debt carried the security. 11 Ark. 44, 57; 18 Ark. 508; 18 Ark. 85.

BATTLE, J. Appellant's cause of action was defectively stated in her complaint. Construing the complaint liberally, as our statutes provide, we think it may be said to state facts showing that appellant was entitled to be subrogated to the rights of the Ladies' Building Association, Perpetual, under the note made by T. F. Henry, and under the mortgage executed by the appellees. She was secretary of the building association, and was bound by a bond in the sum of $10,000 to hold and save the building association harmless against all mistakes made by her in the payment of money. It appears from the complaint that while she was such secretary, and acting as such, she paid of the moneys of the association on the amount secured by the mortgage $45.45, by mistake, more than appellees, or either of them, were entitled to, and that this sum was secured by the mortgage; and that, in perform-

ance of her bond, she paid to her principal the sum so paid by mistake. In paying the same she was no volunteer, but was acting in the discharge of an assumed obligation, and is clearly entitled to be subrogated to the rights of the building association under the note and mortgage, as to the amount and the interest thereon.

The defects in the complaint could have been reached by motion to make it more definite and certain, but not by demurrer. *Bushey* v. *Reynolds,* 31 Ark. 657; *Bush* v. *Cella,* 52 Ark. 378; *Sweet* v. *Desha Lumber Company,* 56 Ark. 629.

So much of the decree of the chancery court as sustained the demurrer of appellees to the complaint is therefore reversed, and the cause is remanded, with instructions of the court to overrule the demurrer, and for other proceedings.