HARNWELL *v.* ARNOLD.

Opinion delivered March 5, 1917.

1. REAL ESTATE BROKERS—COMMISSIONS—PAYMENT BY NOTE—CONSIDERATION.—One H., acting as agent for his wife, procured appellee to negotiate a sale of certain lots. Appellee produced a purchaser, who failed, however, to close the trade because of financial inability. The property was then sold to the wife of the party introduced by appellee. Appellee claimed a commission on the sale, which H. denied was due, but thereafter H. executed a note to appellee for $200, the amount of commission claimed. *Held,* H. was liable on the note but that, under the facts, that as to H.'s wife, that it was error to withdraw the issue of her liability from the jury, and declare as a matter of law that she was liable for the commission.

2. REAL ESTATE BROKERS—COMMISSIONS—FAILURE OF PURCHASER TO COMPLETE TRADE.—Unless a real estate broker expressly warrants the financial ability of the purchaser procured by him, in the absence of fraud on his part, he does not lose his commission when a binding contract of sale is effected through his agency, because the purchaser procured by him is financially unable, or for any other reason fails to carry out his contract of purchase.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed as to Mrs. Harnwell and affirmed as to C. P. Harnwell.

*C. P. Harnwell,* for appellants.

Mrs. Harnwell was not liable to Arnold nor Spencer in any way. She knew nothing of the original contract and never signed the note and had no interest therein. There was no consideration for the note. In order to sustain a judgment in favor of a broker for a commission for selling real estate, the burden is upon him to show that he produced a customer ready, willing and financially *able* to purchase. Booher was willing, but not able, and so the contract with him was abandoned. 81 Ark. 96. No exclusive privilege was given Spencer. 174 S. W. 531; 80 Ark. 254; 103 *Id.* 629; 104 *Id.* 459; 87 *Id.* 221; 91 *Id.* 212.

A subsequent deal was made with Ella Booher, but Spencer's agency was at an end. In no event is Mrs. Harnwell liable, and as to C. P. Harnwell, there was no

consideration for the note. It was error to direct a verdict. Cases, *supra*.

*Marshall & Coffman,* for appellee.

Mr. Harnwell was his wife's agent and acted for her in all the transactions. The note was executed by the husband as surety for his wife and there was a consideration for it. 48 Ark. 267; 45 *Id.* 313.

The court properly directed a verdict against both. The commission was earned. 87 Ark. 506; 89 *Id.* 289. The evidence is undisputed and the judgment should be affirmed as to both.

McCulloch, C. J. Appellee instituted this action in the circuit court of Pulaski County against appellant, C. P. Harnwell, and his wife, L. B. Harnwell, to recover the sum of $200, alleged to be due as commission on sale of real estate on Pulaski Heights. Appellee was engaged in the real estate business in the city of Little Rock and employed several salesmen or solicitors, one of whom was a Mr. Spencer. The transactions involved in this controversy were conducted between Spencer and C. P. Harnwell, and the real estate which was the subject of the contract was owned by Mrs. Harnwell. It is alleged in the complaint that Mrs. Harnwell, through her husband and agent, C. P. Harnwell, engaged with Spencer to permit the latter to sell said real estate at a price stated and to pay a commission of 5 per centum for it; that Spencer produced a purchaser with whom Mr. Harnwell entered into a contract for the sale of the property and that subsequently Mr. Harnwell executed his note to appellee for the sum of $200, for the amount of agreed commission, but said note was not given in satisfaction of his account against said L. B. Harnwell, but only as security therefor. and that no part of said commission had been paid. Appellants in their answer denied that Mrs. Harnwell entered into any agreement to pay a commission or that Spencer had procured a sale of the property in question, but that the purchaser produced by Spencer was unable

to consummate the attempted sale; that negotiations with that person were abandoned, and the owner of the property subsequently made a sale to the wife of the proposed purchaser and that said note executed by said C. P. Harnwell was given without any consideration. The cause was tried before a jury, but the court gave a peremptory instruction in favor of appellee against both of the appellants, and after judgment was entered against them, they both appealed to this court.

The question presented was whether or not the testimony tended to establish a defense which gave the appellants the right to a submission of the issues to a jury. It appears from the testimony that Mrs. Harnwell owned three lots on Pulaski Heights which her husband had endeavored to sell for her. Spencer, in acting for appellee, approached Mr. Harnwell for the purpose of getting the property on his sales list, and an agreement was entered into for the payment of a commission in the event the purchaser was produced. Spencer negotiated a sale of the property to a Mr. Booher, and presented Booher to Mr. Harnwell, and they entered into a contract for the sale of the lots, which contract was reduced to writing and signed by Mr. Harnwell as agent for his wife. That sale was not, however, consummated, for the reason that Mr. Booher was involved in financial difficulties and unable to pay for the lots, and the contract was abandoned, and a new one entered into between Mrs. Booher and Mrs. Harnwell. The latter sale was consummated by the execution of deeds conveying the property to Mrs. Booher and a mortgage was taken for purchase money in favor of Mrs. Harnwell. At the time of the trial below the transaction stood in that attitude without all of the purchase price of the lots being paid. A few months after Spencer had introduced Booher to Harnwell, the latter, at Spencer's request, went to see Mr. Arnold, the appellee, about the payment of commission, and, in the absence of Spencer, Harnwell executed his note to appellee for the sum of $200, which note has never been paid. The testimony on the part of appellee tends to show that the note was not

executed in payment of commission, but merely as an evidence of the amount, and that there was no intention to release Mrs. Harnwell from the obligation as the owner of the property and the principal for whom her husband acted. Arnold testified that he knew nothing about the details of the transaction when he accepted the note from Mr. Harnwell. On the other hand, Harnwell testified that he denied any liability for commission on the ground that the sale to Booher was not consummated, but was abandoned and that he finally executed the note merely in response to persistent solicitation of Arnold and Spencer. Appellants offered to introduce evidence showing that the contract of sale with Booher was abandoned because of the latter's inability to arrange to pay the purchase price, and that another trade was negotiated with Mrs. Booher upon different terms, which involved considerable expense and trouble to Mr. Harnwell. The trial court refused to admit this evidence on the theory that the commission was earned when a purchaser was produced with whom a binding contract was entered into. The court then gave a peremptory instruction in favor of appellee.

We think the judgment against Harnwell was, upon his own testimony, correct. He admits that he executed the note and that he did so voluntarily in order to satisfy the demands of appellee and Spencer for the commission. He pleads in his answer that there was no consideration for the execution of the note, but we think his own testimony shows clearly that there was a consideration, for there existed a dispute between him and Spencer concerning the liability for a commission, and the settlement of this controversy afforded a sufficient consideration for the execution of the note. The judgment against C. P. Harnwell will, therefore, be affirmed.

The cause stands, however, in a different attitude with respect to the defense of Mrs. Harnwell. She did not join in the execution of the note, nor does it appear from the testimony that she authorized the execution of the note, or that her husband was acting as her agent in

that respect, although the testimony is clear that Mr. Harnwell was representing his wife in the execution of contract which was entered into with reference to the sale of the property. We think the court was right in excluding the testimony concerning the abandonment of the contract entered into with Booher, for the undisputed evidence seems to bring the cause within the following rule announced by this court in *Moore* v. *Irwin,* 89 Ark. 289; "In the absence of an express contract by which the broker warrants the financial ability of the purchaser procured by him, or in the absence of fraud on his part, he does not lose his commission, where a binding contract of sale is effected through his agency, because the purchaser procured by him is financially unable, or for any other reason fails to carry out his contract of purchase."

The evidence of Harnwell warrants the inference that the note was executed in settlement of the controversy, and that being true, the note itself is the full measure of the liability and all other liability was extinguished. The question ought, therefore, to have been submitted to the jury to determine whether or not the note was executed as claimed by appellee merely as security or as an evidence of the amount, and without any intention to extinguish the liability of Mrs. Harnwell, or whether, as claimed by Mr. Harnwell, it was executed in settlement of the pending controversy concerning the liability for commission. If Mrs. Harnwell authorized or ratified the contract entered into with Spencer for the payment of commission, as the testimony clearly shows, then the execution of the note by her husband would not absolve her from that liability, but. on the other hand, there was a controversy concerning her liability, and if appellee accepted the note of her husband in settlement of the controversy, there could be no recovery except from Mrs. Harnwell herself. The court erred, therefore, in taking the case from the jury so far as the defense of Mrs. Harnwell is concerned and the judgment against her is reversed and that part of the cause is remanded for a new trial.