Bob HOPKINS d/b/a HOPKINS AND
ASSOCIATES REALTY *v.* Gerald IVES

77-394                              566 S.W. 2d 147

Opinion delivered May 30, 1978
(Division II)

*John T. Harmon* and *Morgan E. Welch,* by: *Morgan E. Welch,*
for appellant.

*Thompson, O'Bryan & Martin,* by: *Howard L. Martin,* for
appellee.

CONLEY BYRD, Justice. Appellee, Gerald Ives reneged on
a real estate agreement to purchase the Kent and Reynolds
farms owned by Reed McConnell near El Paso, Arkansas.
McConnell's real estate broker, appellant Bob Hopkins,
d/b/a Hopkins and Associates Realty, brought this action
against appellee to recover his alleged real estate commission
in the amount of $22,299.00. Appellant's arrangement with

McConnell was an oral agreement by which appellant would have received a 6% real estate commission for the sale of the property. Appellant admits that he has not attempted to collect a commission from McConnell and that he has not sent McConnell a bill for the commission or asked about collecting the commission. The trial court in denying appellant's claim against appellee issued the following memorandum opinion:

"The Court has concluded that recovery must be denied to the plaintiff Hopkins. It appears that many jurisdictions would grant recovery of the commission to this plaintiff representing the commission he would have earned had the contract been consummated. In those jurisdictions, privity of contract is not requisite in order for third persons benefited by it to maintain an action. However, this Court has concluded that such is not the rule of law in Arkansas; that our general rule is that there must be privity and an intention by the promisee to secure some benefit to the third party. It is not enough that the plaintiff might benefit by the performance of the contract. He can only maintain the action when the contract is made for him.

In reaching the above stated conclusion, the Court has relied on several cases to be found in Volume 5, *Ark. Digest,* CONTRACTS, KEY 187 (#1). Specifically, see *Dickinson* v. *McCoppin,* 121 Ark. 414 and *West* v. *Norcross,* 190 Ark. 667."

We agree with the trial court. Our law on the subject is in accord with the Restatement on Agency 2d § 372 (2) which provides:

"An agent does not have such an interest in a contract as to entitle him to maintain an action at law upon it in his own name merely because he is entitled to a portion of the proceeds as compensation for making it or because he is liable for its breach."

Appellant's reliance upon *Howell* v. *Worth James, Const. Co.,* 259 Ark. 627, 535 S.W. 2d 826 (1976), is not supported by the record. In permitting Worth James Const. Co. to

recover against Tall Timber Development Corporation upon a contract between Tall Timber and Howell, we stated:

"... In the case at bar, there is substantial evidence that it was the clear intention of the parties to contract for the benefit of appellee and that appellee was a beneficiary of their contract. We have repeatedly held that a contract made for the benefit of a third party is actionable by such third party . . . ."

So far as the abstract of the record before us shows there is no evidence to show that appellee in agreeing to purchase the farm from McConnell intended to contract for the benefit of appellant. In this connection, we also note that the matter appears to have been raised for the first time on appeal.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.