W. Gerard GAUTRAU and Laura K. GAUTRAU
*v.* Janice C. LONG d/b/a JAN'S REALTY

CA 80-332                                              609 S.W. 2d 107
Court of Appeals of Arkansas
Opinion delivered December 10, 1980

*Ian W. Vickery Law Offices*, for appellants.

*Denver L. Thornton*, for appellee.

JAMES H. PILKINTON, Judge. This suit was filed by appellants seeking rescission and restoration of $2,000 paid as a real estate brokerage fee.

The record shows that appellants executed an exclusive listing contract to appellee d/b/a Jan's Realty to sell the

property involved at a gross price of $52,900, and providing for a professional fee to be due the realtor of $2,000. There was a space provided in Paragraph 4 of the contract for any specific conditions to be written, but none were inserted, and this space is blank on the instrument.

There was an offer and acceptance later signed by Dorothy Mathews as buyer, and Jan's Realty as agent, which was accepted by appellants as sellers. This instrument provided for the payment of $9,000 to appellants for their equity, and the assumption of a certain note and mortgage then existing in favor of Union Fidelity Savings and Loan Association.

There was also a separate agreement executed by Dorothy Mathews, as purchaser, the appellants as sellers and mortgagors, and Union Fidelity Savings and Loan Association, under which Dorothy Mathews agreed to assume the note and mortgage and make the payments. This document expressly provides that the appellants were not to be released in any manner from the obligation of the mortgage, although it was being assumed by Dorothy Mathews with the approval of Union Fidelity. Dorothy Mathews paid the $9,000, and assumed the loan, or so all parties then thought. Union Fidelity later reneged on its approval, and caused a line to be drawn through the signature of Mr. Robert S. Boardman, who had signed for the Savings and Loan Association. The following notation was made over the signature: "Void — not approved by the board of directors."

The mortgage provided in one paragraph that if the property is sold or transferred without the lender's prior written consent, the lender may declare all sums secured by the mortgage due and payable. After Union Fidelity refused to assume the assumption, the monthly payments tendered by Mrs. Mathews were refused; and, the entire indebtedness was declared due, and foreclosure followed. Union Fidelity purchased the property for the amount of the judgment and the appellants actually suffered no loss. The record shows that appellants received exactly what they would have received had the buyer been allowed to assume the mortgage. The only expenses the appellants incurred were for attorney's

fees. Union Fidelity had earlier returned the $100 paid by Jan's Realty for the transfer fee, which was for the assumption later vacated and denied. The record shows that this $100 had been deducted from the amount paid the apellants by Jan's Realty in the closing of their transaction with Dorothy Mathews.

After trial below, the chancellor refused to grant rescission, and dismissed the suit except for the $100 withheld for the transfer fee. The trial court directed that this $100 be returned to appellants by appellee. Otherwise the suit was dismissed for want of equity, and appellants question that decision on appeal.

Appellants first sued appellee for damages. Since it was clear that no damages were suffered, appellants then amended their complaint alleging breach of contract and seeking rescission and restitution to them of the $2,000 brokerage fee. The argument of the appellants on appeal is somewhat difficult to follow as the purpose of the remedy of restitution is to restore the injured party to as good a position as he or she occupied before the contract was made. Restitution is an alternate remedy to damages or for specific performance. Likewise, as a general rule, payments which are voluntarily made cannot be recovered except for payments made as a result of duress, fraud, mistake or failure of consideration. There is no duress, fraud, mistake or failure of consideration pleaded or proved by the appellants in the case at bar.

In the absence of an express contract by which a broker warrants the financial ability of the purchaser procured by him, or in the absence of fraud on the part of the broker, the realtor does not lose the commission where a binding contract of sale is effected through the agency simply because the purchaser, procured by the broker, is financially unable, or for any other reason fails to carry out the contract of purchase. *Harnwell* v. *Arnold*, 128 Ark. 10, 193 S.W. 506 (1917). *Moore* v. *Irwin*, 89 Ark. 289, 116 S.W. 662 (1909).

We think the chancellor was correct in finding that there is no evidence to show that the contract between appellants and appellee was conditioned upon the final approval by

Union Fidelity of the assumption of the loan by the purchaser. We also agree with the chancellor that the record shows clearly that appellee earned the commission by securing the buyer and obtaining execution of the offer and acceptance. While decisions of the chancery court are reviewed de novo on appeal, the appellate court does not reverse unless the decision below is clearly erroneous (clearly against the preponderance of the evidence). Rule 52, Arkansas Rules of Civil Procedure. We certainly cannot say that the decision of the chancellor in this case is clearly against the preponderance of the evidence. Therefore we must affirm.

Appellants have filed a separate motion to tax the costs of what they term as "unnecessary parts of the record" against appellee. Appellants did designate only a limited part of the record for the purpose of appeal; and appellee additionally designated other parts, thus causing to be brought forward all of the record below, including the foreclosure proceedings. We cannot say here, however, that appellee under the circumstances has violated Rule 6 (c) of the Arkansas Rules of Appellate Procedure to an extent which calls for the imposition of costs under Rule 24. Therefore, all costs on appeal must be assessed against appellants.

Affirmed.