THOMPSON-HOLLOWAY AGENCY, INC. *v.*
Robert E. GRIBBEN and Delores C. GRIBBEN

CA 81-114                                         623 S.W. 2d 528

Court of Appeals of Arkansas
Opinion delivered October 28, 1981
[Rehearing denied November 25, 1981.]*

*COOPER, J., would grant the petition.
MAYFIELD, C.J., not participating.

120

*Spencer, Spencer & Shepherd, P.A.*, for appellant.

*Law Office of Ronald L. Griggs,* for appellees.

DONALD L. CORBIN, Judge. This is a suit by a real estate broker (appellant) against defaulting purchasers (appellees) under an offer and acceptance contract. We affirm.

Appellant, a corporation engaged in real estate brokerage, sued appellees for a commission allegedly due in a transaction for the purchase of a residence owned by Jerry Nelson and Dorothy K. Nelson. The Nelsons are not parties to this suit. The appellees and the Nelsons entered into a real estate contract (offer and acceptance) in which appellees agreed to purchase the Nelsons' residence. Appellant had been employed by the Nelsons to sell the property. The offer and acceptance provided that the Nelsons would pay appellant a six percent commission and in the case of a forfeiture by the appellees, appellant and the Nelsons would split the $500.00 earnest money.

In its complaint, the appellant sought judgment against the appellees for $4,740.00, the commission which the appellant would have received had the transaction been consummated.

In its initial complaint, the appellant alleged that appellees had failed to honor their contract with the Nelsons and that appellant was entitled to judgment against appellees for the commission it would have earned had the contract between the appellees and the Nelsons been fulfilled.

Appellees filed a motion to dismiss alleging that service of process was insufficient and that the complaint failed to state a claim or cause of action upon which relief could be granted.

By Second Amendment to Complaint, the appellant further alleged: (1) that the real estate sales contract was entered into by all parties with the knowledge that appellant would receive a six percent commission from the sales price of the property involved, (2) that the sales contract was entered into by the appellees with the knowledge that the appellant would benefit therefrom, (3) that it was the intention of all parties that appellant benefit therefrom by receipt of the commission, and (4) that such benefit in the form of the commission was within the contemplation of all the parties and would have been a direct result of performance of the contract by appellees.

The circuit court found that service of process was sufficient but dismissed the complaint of appellant on the ground that it failed to state a claim or cause of action upon which relief could be granted.

Arkansas Rules of Civil Procedure, Rule 12 (b) (6) provides for the dismissal of the complaint for "failure to state facts upon which relief can be granted."

Since Rule 12 (b) (6) tests the sufficiency of the pleadings, it is necessary to read it in conjunction with

Arkansas Rules of Civil Procedure, Rule 8, which deals with the contents of the pleading. Rule 8 provides:

> A pleading which sets forth a claim for relief, whether a complaint, . . . shall contain . . . (2) *a statement in ordinary and concise language of facts showing that the pleader is entitled to relief, . . .* (Emphasis supplied.)

In *Harvey* v. *Eastman Kodak Company*, 271 Ark. 783, 610 S.W. 2d 582 (1981), the Arkansas Supreme Court determined that Arkansas is a "fact" pleading and not a "notice" pleading jurisdiction under the new Rules of Civil Procedure.

In *Hopkins* v. *Ives*, 263 Ark. 565, 566 S.W. 2d 147 (1978), the Arkansas Supreme Court held that the general rule in this State is that "before a real estate agent can maintain a suit on a contract for the sale of lands there must be privity and an intention by the promisee to secure some benefit to the agent."

The court in *Hopkins* v. *Ives, supra,* agreed with the trial court's memorandum opinion which stated the following:

> The Court has concluded that recovery must be denied to the plaintiff Hopkins. It appears that many jurisdictions would grant recovery of the commission to this plaintiff representing the commission he would have earned had the contract been consummated. In those jurisdictions, privity of contract is not requisite in order for third persons benefited by it to maintain an action. However, this Court has concluded that such is not the rule of law in Arkansas; that our general rule is that there must be privity and an intention by the promisee to secure some benefit to the third party. It is not enough that the plaintiff might benefit by the performance of the contract. He can only maintain the action when the contract is made for him.

The Court in *Hopkins* v. *Ives, supra,* further approved the Restatement on Agency 2d § 372 (2) which provides:

An agent does not have such an interest in a contract as to entitle him to maintain an action at law upon it in his own name merely because he is entitled to a portion of the proceeds as compensation for making it or because he is liable for its breach.

Turning to the pleadings in the present case, we agree with the circuit judge that the complaint failed to state *facts* upon which relief can be granted.

Appellant, as previously stated, initially filed suit against appellees for the commission it would have earned had the contract been consummated. Appellant did not allege that there was privity of contract as required by *Hopkins* v. *Ives, supra.* Appellees filed a motion to dismiss for failure to state a cause of action under which relief could be granted. Arkansas Rules of Civil Procedure, Rule 12 (b) (6). In their brief in support of the motion to dismiss, the appellees relied on the case of *Hopkins* v. *Ives, supra,* and argued that "a real estate broker could not recover an alleged commission from a purchaser in the absence of showing that the purchaser, in agreeing to purchase property, intended to contract for the benefit of the broker." The appellees stated that appellant could not show any such intent. Appellant then filed a second amendment to its complaint in which it alleged that the parties intended to contract for its benefit. The allegations in the amended complaint are similar to language found in *Hopkins* v. *Ives, supra,* in which that court quoted from *Howell* v. *Worth James Construction Co.,* 259 Ark. 627, 535 S.W. 2d 826 (1976). We believe the allegations of this amended complaint to be merely con- clusions of law. We hold that under the state of the pleadings, appellant failed to state sufficient facts upon which relief could be granted and that the court properly dismissed the action.

Affirmed.

MAYFIELD, C.J., not participating.

COOPER, J., dissents.