Luther E. BAILEY and Betty E. Bailey, Husband and Wife
*v.* Larry MONTGOMERY d/b/a Larry Montgomery Real
Estate

CA 89-374                                    786 S.W.2d 594

Court of Appeals of Arkansas
Division II
Opinion delivered March 28, 1990

*Paul Jackson*, for appellants.

*Coxsey & Coxsey*, by: *Kent Coxsey*, for appellee.

JUDITH ROGERS, Judge. This appeal involves a judgment of the chancellor dismissing appellants' claim for the return of their

earnest money deposit plus damages and awarding appellee a broker's commission of $2,700.00 and attorney's fees of $2,500.00 on his counterclaim. We affirm the chancellor's dismissal of appellants' complaint and reverse the chancellor's award of damages and attorney's fees.

Appellee, Larry Montgomery, doing business as Montgomery Real Estate, advertised some property belonging to Wayne Dickens and Kathryn Dickens for auction. The advertisement read in part:

> Green Forest, Ark. 503 East Main (Hwy. 62 E)
> SATURDAY OCTOBER 5, 1985 10:00 A.M.
> REAL ESTATE, (Commercial or Residential)
>
> 2.57 acres with 168 ft. frontage on Hwy. 62, all fenced, has 1668 sq.ft. home with 28x30 basement, large family room with fireplace, 21x23 detached garage, 11x12 storage building, 26x28 barn, all city utilities. Real Estate to be offered at 12 noon if not sold before. For info. and available financing, contact auctioneer.

Appellants attended this auction and, on the same date, signed an offer and acceptance to purchase the property for $45,000.00 in cash. No special conditions were noted in appellants' offer other than "closing to be as soon as possible." Sometime during this period, appellants discovered that the property upon which they had made the offer had not been zoned for commercial use. Appellants demanded that appellee, the broker, have the property re-zoned, which appellee refused to do. Appellants then refused to close the transaction and, on March 1, 1988, filed this suit against appellee and the sellers. The substance of appellants' complaint was that appellee, by refusing to have the property re-zoned for commercial use, refused to convey the property as required by the contract and should be ordered to perform by the court. Appellants sought the return of their $1,000.00 earnest money deposit and damages for lost profits of $30,000.00.

Appellee answered, denying that specific performance was possible as the property had since been sold to another party and denied that appellants were entitled to the return of their earnest money or damages. Appellee also counterclaimed against appellants for his broker's commission of $2,700.00, which he con-

tended he lost as a result of appellants' failure to perform the contract. Appellee further alleged that this was the third lawsuit filed by appellants and that appellants' actions were frivolous and without merit and caused him to spend considerable sums for attorney's fees, for which he sought an award of $5,000.00. Because appellants never achieved service on the Dickenses, they were not parties to the suit at trial.

After trial on the merits, the chancellor dismissed appellants' complaint, finding that the proof was insufficient to state a cause of action against appellee. The chancellor found that appellee had suffered a loss of his broker's commission in the amount of $2,700.00 because of appellants' failure to perform the contract and awarded appellee damages of $2,700.00 against appellants but gave appellants credit for their $1,000.00 earnest money deposit, which appellee had retained. The court further awarded appellee attorney's fees of $2,500.00. From this judgment, appellants appeal.

For their first point, appellants contend the trial court erred in refusing to return their $1,000.00 earnest money deposit. Appellants assert that they made their offer on the property in reliance on the phrase in appellee's advertisement, "Commercial or Residential," which they inferred to mean that the property had been zoned for commercial use. Appellants state that, after they discovered the property had not been zoned for commercial use, they demanded that appellee obtain such zoning, which he refused to do. The thrust of their argument on appeal is that, by using the phrase "Commercial or Residential" in his advertisement, appellee warranted to appellants that the property had been zoned for commercial use and his refusal to obtain such zoning excused appellants from closing the transaction.

We agree with the chancellor that appellants are not entitled to damages for appellee's alleged misrepresentation of the zoning of the property. Appellant Luther Bailey testified that, when he purchased the property, there was a house, a two-car garage, and a barn upon the property and he was aware that the sellers lived there. Wayne Dickens, one of the sellers, testified that, while the parties were in the house waiting to sign the contract, he told appellants that the property was zoned for residential use but he saw no reason why it could not be zoned for commercial use. The

chancellor found appellants were aware, or should have been aware, that the property was residential and that the evidence was insufficient to find any fraud or misrepresentation on the part of appellee.

The chancellor also noted that, if appellants, as buyers, had intended their offer on the property to be contingent on the fact that the property had been or was to be zoned for commercial use, they could have included this requirement in their offer. Appellant Luther Bailey admitted that, prior to purchasing the property, he never questioned appellee regarding the zoning of the property. Furthermore, there was no contention made by appellants that they would be unable to obtain commercial zoning for the property. In fact, at trial, appellee introduced into evidence City Ordinance No. 347 which provided in part that "all lots, tracts or other parcels of real property with frontage on U.S. Highway No. 62 shall be zoned either Commercial or Residential, at the election of the Buyer thereof upon proper application therefor."

In sum, we agree with the chancellor's conclusion that there was not any misrepresentation by appellee as to the zoning of the property and that appellants were not justified in refusing to perform the contract. Accordingly, we find appellants' complaint was properly dismissed. On appeal, we review chancery decisions *de novo* and reverse the chancellor's findings only if clearly erroneous or clearly against the preponderance of the evidence, giving due deference to his superior position to observe the witnesses and weigh their credibility. *Miniat* v. *McGinnis*, 26 Ark. App. 157, 159, 762 S.W.2d 390, 391 (1988).

We also agree that the chancellor did not err in refusing to return appellants' earnest money deposit to them. With reference to the earnest money deposit, the offer and acceptance provided:

> 6. Buyer herewith tenders *$1,000.00* as earnest money, to become part of purchase price upon acceptance. This sum shall be held by Agent and if offer is not accepted or if title requirements are not fulfilled, it shall be promptly returned to Buyer. If, after acceptance, Buyer fails to fulfill his obligations, the earnest money may become liquidated damages, which fact shall not preclude Seller or Agent

from asserting other legal rights which they may have because of such breach.

The court found that there was no basis for appellants' failure to perform the contract and, therefore, under the terms of the contract, the earnest money became liquidated damages. It is undisputed that appellee was damaged when he lost his broker's commission of $2,700.00 because of appellants' failure to perform the contract.

We agree, however, with appellants' second point, that the chancellor's finding that appellants were liable for an additional $1,700.00 in damages to appellee is clearly erroneous, however, not for the reason argued by appellants. The $1,700.00 amount appellee was awarded represented the balance of the broker's commission to which appellee was entitled under the contract with the sellers after deducting appellants' earnest money deposit which appellee retained. Appellants erroneously contend that appellee is not entitled to his broker's commission because the sale of the property to appellants was never completed. A completed sale, however, is not always required in Arkansas in order for a broker to be entitled to a commission. This court has held:

> In the absence of an express contract by which a broker warrants the financial ability of the purchaser procured by him, or in the absence of fraud on the part of the broker, the realtor does not lose the commission where a binding contract of sale is effected through the agency simply because the purchaser, procured by the broker, is financially unable, or for any other reason fails to carry out the contract of purchase. *Harnwell* v. *Arnold*, 128 Ark. 10, 193 S.W. 506 (1917). *Moore* v. *Irwin*, 89 Ark. 289, 116 S.W. 662 (1909).

*Gautrau* v. *Long*, 271 Ark. 394, 396, 609 S.W.2d 107, 109 (Ark. App. 1980). *See also Oliver* v. *Dent*, 207 Ark. 843, 846-47, 183 S.W.2d 302, 304 (1944); *Graham* v. *Crandall*, 11 Ark. App. 109, 112, 668 S.W.2d 548, 549-50 (1984). Nevertheless, the award of a broker's commission here is in error because no contractual relationship existed between appellee and appellants.

The right of a real estate broker to recover a commission

for his services must be predicated on a contractual relation; he must have been employed to negotiate the contract in connection with which his services were rendered, and the employment must have been by the person from whom the commission is claimed. *Peebles* v. *Sneed*, 207 Ark. 1, 5, 179 S.W.2d 156, 158 (1944). In the case at bar, the written offer and acceptance only provides that the sellers agree to pay appellee a fee of six percent for his professional services rendered in securing the offer. Appellee was employed by the sellers, who are not parties to this action, and there is no evidence of an agreement by appellants to pay appellee for his services.

Nor can we consider appellee a third party benefi-ciary of the contract between appellants and the sellers. "[T]he presumption is that parties contract only for themselves and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties." *Howell* v. *Worth James Const. Co.*, 259 Ark. 627, 629, 535 S.W.2d 826, 828 (1976). Moreover, it is not enough that appellee would have benefited from the contract between appellants and the sellers, *Thompson-Holloway Agency, Inc.* v. *Gribben*, 3 Ark. 119, 123, 623 S.W.2d 528, 530 (1981), appellee also had to prove that privity of contract existed between himself and appellants and that appellants, by entering into the contract with the sellers, intended to secure a benefit for him. *See Hopkins* v. *Ives*, 263 Ark. 565, 566, 566 S.W.2d 147, 148 (1978), where the supreme court held that the appellant broker was not entitled to recover his broker's commission from the buyer when the buyer defaulted on an agreement to purchase property.

> "An agent does not have such an interest in a contract as to entitle him to maintain an action at law upon it in his own name merely because he is entitled to a portion of the proceeds as compensation for making it or because he is liable for its breach."

263 Ark. at 566, 566 S.W.2d at 148, quoting Restatement (Second) of Agency Section 372(2) (1957). There is no evidence in the case at bar that appellants intended appellee to be a beneficiary of their contract with the sellers. We therefore reverse the portion of the chancellor's judgment awarding appellee

$1,700.00.

 We also reverse the chancellor's award of attorney's fees to appellee. As a general rule, attorney's fees are not allowed in Arkansas unless expressly authorized by statute. *Damron* v. *Univ. Estates, Phase II, Inc.*, 295 Ark. 533, 536, 750 S.W.2d 402, 404 (1988); *Pack* v. *Hill*, 18 Ark. App. 104, 105, 710 S.W.2d 847, 849 (1986). Appellee claims that the chancellor, in awarding him attorney's fees, could have relied on Ark. Code Ann. Section 16-22-309 (Supp. 1989), which gives the court authority to award attorney's fees for complete lack of a justiciable issue. While appellee may be correct in his claim, section 16-22-309 goes on to provide that: "[o]n appeal, the question as to whether there was a complete absence of a justiciable issue shall be determined de novo on the record of the trial court alone." Based on our review of the record, we cannot say there was a complete absence of a justiciable issue and accordingly reverse the chancellor's award of attorney's fees.

Affirmed in part; reversed in part.

CORBIN, C.J., and MAYFIELD, J., agree.