Perkins v. Adams.

PERKINS v. ADAMS, *Appellant.*

Division Two, January 21, 1896.

| 132 | 131 |
| 134 | 591 |
| 132 | 131 |
| d151 | 356 |
| 132 | 131 |
| 157 | 656 |
| 132 | 131 |
| 101a | 598 |

1. **Land:** RIPARIAN OWNER: MISSOURI RIVER. The title of a riparian owner on the Missouri river does not extend to the center of the main channel, but only to the water's edge.

2. ———: ———: ———: ISLAND: ACCRETION. Such owner is not entitled to land formed by the river making an island by depositing sand on its bed and afterward connecting with the shore by the receding of the intervening river, but only to such land as may be added to the original grant by the gradual process of accretion or reliction to his shore line.

3. ———: ———: ———: ———. A riparian owner on the Missouri river is not the owner of an island which springs up in the river whether it be on the one side or the other of the main channel.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Samuel O'Fallon* and *L. R. Knowles* for appellant.

(1)    The riparian owner is not the owner of the soil in the bed of the Missouri river, but owns only to the water's edge; plaintiff only taking title to the margin of the river can claim in addition to the original grant only such land as may have been added thereto by the regular process of accretion or reliction. *Benson v. Morrow*, 61 Mo. 345; *Naylor v. Cox*, 114 Mo. 232; *Rees v. McDaniel*, 115 Mo. 145; *Cooley v. Golden*, 117 Mo. 33. (2)    Instruction number 4 given for the plaintiff does not correctly define an accretion.    The riparian owner can only claim as accretions such lands as are added by the gradual and imperceptible washings of the river. The formation or reliction must be imperceptible and must be made to the contiguous land so as to change the position of the water's edge.    Gould on Waters [1 Ed.], sec. 155; *Cooley v. Golden*, 117 Mo. 33. (3)    Instruction number 1 given by the court of its own motion, and over objections of the defendant, is clearly erroneous.    It conforms to the theory of the law advanced in plaintiff's instructions, that the riparian owner took title to all lands formed in the Missouri river to the center of the main channel.

*E. J. Kellogg, J. W. Stokes*, and *John Kennish* for respondent.

GANTT, P. J.—This is an action for certain lands described by metes and bounds as accretions to fractional section 10 in township 61, range 40, in Holt county, Missouri.

The evidence tended to show title in plaintiff to said section 10 and such accretions thereto.    On the part of defendant the evidence tended to show that between the years 1866 and 1876 an island formed in

the Missouri river, opposite said fractional section 10, and extended up and down the river. Its first appearance was a sand bar which increased from year to year and willows and cottonwood of considerable size grew thereon. Steamboats passed up and down the river, sometimes on one side of this bar or island and sometimes on the other. Finally the waters of the river withdrew entirely to the west, or Nebraska, side of the river, leaving a deep, wide slough between the island and the shore on the Missouri side.

The plaintiff claimed the lands in controversy to the middle of the slough as accretions to his lands in said fractional section 10 on the Missouri shore, while defendant claimed that the lands in suit were not accretions to plaintiff's lands but an island or sand bar in the river which was not an accretion to plaintiff's land, and of which he had possession. This constituted the only issue. There was evidence tending to sustain each of these contentions. Upon this state of facts the court gave the following instructions:

"1. The court instructs the jury that the plaintiff claims title to the fractional section 10, township 61, range 40, described in plaintiff's petition, by deed from John D. Perkins and various other parties under whom the said John D. Perkins claimed from the government down, but it is not essential to the plaintiff's right to recover that the record title to said described land should have been perfect in the plaintiff to said fractional section 10. It is sufficient to vest the legal title of said described land in the plaintiff if the jury shall find from the evidence that for ten years before the entry upon, and taking possession of, said land by defendant, the plaintiff occupied continuously, openly, notoriously, and adversely the said land described in plaintiff's petition with claim of title, together with the

accretions or additions thereto formed as mentioned in other instructions.

"2.    The court instructs the jury that the records read in evidence of the original entries—of the patent— of the several deeds are sufficient to convey title to fractional section 10, mentioned and described in plaintiff's petition, to plaintiff Perkins, except as to the one third interest in and to a part thereof of one Ann McMahon, formerly Ann Scott, now Ann DeLong, and the jury are further instructed that if they believe from the evidence that prior to the execution of the deed by William and Jack Scott to John D. Perkins read in evidence that Ann McMahon had sold her interest in said lands to her brother, and that the plaintiff, or those under whom he claims took possession of said land under said purchase and deeds and from Scott and brother have been open, notorious, adverse pos- session continuously since said time claiming said land under said purchase, that the said Ann McMahon, now Ann DeLong, lost her husband and became a widow after the making of said deed, and the occupation of said lands by plaintiff or those under whom he claims, and that such possession has been open, notorious, adverse, and continuous for a period of more than ten years after the said Ann McMahon became and was a widow; if you find said possession commenced before or during her widowhood, then in that case plaintiff would acquire the right or title of said Ann McMahon, now Ann DeLong, by reason of the statute of limita- tion to fractional section 10, township 61, range 40, and to such accretions as were made and formed thereto.

"3.    If the jury believe from the evidence that at the commencement of this action the plaintiff was the owner of fractional section 10, in township 61, of range 40, lying and being in Holt county, Missouri,

and described in plaintiff's petition and that he held the same under deed or deeds from John D. Perkins offered in evidence and that the said John D. Perkins and this plaintiff had occupied and claimed the same openly, adversely, continuously and notoriously for a period of ten years or more before the defendant entered into possession of said land then said plaintiff is the owner of the same, and the court further instructs the jury that said deed offered in evidence is sufficient to convey the title of John D. Perkins to said land and all accretions and additions thereto made and formed and the plaintiff would be the owner of and entitled to the possession of all accretions and additions made or formed to said land since the date of his purchase of the same to the center of the main channel of the Missouri river and it is immaterial whether said accretions or additions were formed by the Missouri river filling up which afterward connected with the main shore provided the same were between the shore line of said land described as surveyed and the center line of the main channel of the Missouri river, and it is not essential that said accretions or additions were made continuously against and upon the main shore of said fractional section 10, described in plaintiff's petition, but it is sufficient to carry the title to the said accretions or additions to and with said main land if the jury shall believe from the evidence that said accretions or additions were made to the said main land by the natural flow or washing of the Missouri river depositing sand or earth upon the bed of the river in such manner as to connect the same with the main shore of said fractional section 10, described in plaintiff's petition.

"4. The word accretion as used in these instructions means the process of adding to lands by the washing of the Missouri river, and the results of such process

are termed alluvion, or made, lands, and lands made adjacent to, and against, the lands of the shore by slow accretion, washing to or receding of the Missouri river, became a part of and belong to the owners of the land upon the immediate banks or shore, the same as if conveyed by patent from the government.

"5.    To constitute an island within the meaning of this instruction the same must be of a permanent character situated in the Missouri river not merely surrounded by water when the river was high but permanently surrounded by a channel of the rivers and not a bar subject to overflow by the raise of the Missouri rivers and connected with the main land when river was low.

"6.    If the jury find for the plaintiff your finding should be that at the commencement of this suit the plaintiff was entitled to the possession of the lands mentioned in his petition or some part thereof and for damages in such sum as you may believe from the evidence in the case he is entitled to and you should describe in your verdict its lands which, if any, you find the plaintiff was and is entitled to the possession and were held or occupied by the defendant at commencement of suit."

To the giving of which and each of them, the defendant at the time excepted.

The court then of its own motion gave the following two instructions:

"1    The court instructs the jury that if you find from the evidence that between the years 1866 and 1876 a sand bar or island formed in the Missouri river on the west side of the main channel thereof opposite the fractional section 10, and that the waters of the Missouri river ran permanently round said island or sand bar for any considerable length of time and that the defendant is occupying said island or sand bar thus

formed then such island or sand bar is not an accretion to said fractional section 10, although the jury may further find that by the washing of the Missouri river such island or sand bar is now connected with said fractional section 10, and your finding must be for the defendant.

"2.    Before the plaintiff can recover in this action he must prove to the satisfaction of the jury that the lands in controversy are accretions to fractional section 10 mentioned in the evidence and that said lands were formed by the action of the Missouri river in washing dirt and sand against said fractional section 10 and from thence said lands were formed out into or were thrown up in the Missouri river and unless such lands were so formed your finding must be for the defendant."

To the giving of which defendant at the time duly excepted.

The defendant asked the court to instruct the jury as follows:

"3.    Before the plaintiff can recover in this action he must prove to the satisfaction of the jury that the lands in controversy are accretion to fractional section 10 mentioned in the evidence and that said lands were formed by the action of the Missouri river in washing dirt and sand against said fractional section 10, and from thence said lands were formed out into the Missouri river and unless such lands were so formed your finding must be for the defendant.

"4.    The court instructs the jury that if you find from the evidence that between the years of 1866 and 1876 a sand bar or an island formed in the Missouri river opposite of fractional section 10, and that the waters of the Missouri river ran permanently around said island or sand bar for any considerable length of time that the defendant is occupying said island

or sand bar thus formed, then such island or sand bar is not an accretion to fractional section 10, although the jury may further find that by the washing of the Missouri river such island or sand bar is now connected with said fractional section 10, and your finding must be for the defendant.''

The court refused to give instruction number 3 as prayed but gave instruction number 2 of its own motion, which is instruction number 3 asked by defendant, and modified by the court, by adding the words *"or thrown up in."*

To the refusal of his instruction number 2 as asked, defendant excepted at the time. The court gave instruction number 4 asked by defendant, but, during the argument of the cause the court withdrew instruction number 4 and gave instruction number 1 as follows:

"1.    The court instructs the jury that if you find from the evidence that between the years 1866 and 1876 a sand bar or an island formed in the Missouri river on the west side of the main channel thereof opposite of fractional section 10 and that the waters of the Missouri river ran permanently around said island or sand bar for any considerable length of time, and that the defendant is occupying said island or sand bar thus formed, then such island or sand bar is not an accretion to fractional section 10 although the jury may further find that by the washing of the Missouri river such island or sand bar is now connected with said fractional section 10, and your finding must be for the defendant.''

To the action of the court in withdrawing from the jury instruction *number 4* and giving said instruction number 1 the defendant at the time excepted.

The jury returned a verdict for the plaintiff. In due time motions for new trial and in arrest were filed

and the court having overruled the same, defendant sued out a writ of error from this court.

I.   Instruction number 3, given at the instance of plaintiff, is erroneous in two important particulars. *First.*  It asserts the doctrine that the owner of land bounded by the Missouri river owns to the center of the main channel of said river.   This is not the law of this state.  He only owns to the water's edge.   *Benson v. Morrow*, 61 Mo. 345; *Naylor v. Cox*, 114 Mo. 232; *Rees v. McDaniel*, 115 Mo. 145; *Cooley v. Golden*, 117 Mo. 33.   *Second.*  It is erroneous in that it asserts that he is entitled to such lands whether they were formed by the gradual accretions to the shore, or were relictions formed by the gradual receding of the river, or were formed by the river depositing sand and earth on its bed as a bar or island and afterward connecting with the shore by the receding of the intervening river. In this the court also erred.  Only such land as may be added to the original grant by the regular or gradual process of accretion or reliction to his shore line belongs to the riparian owner.   *Naylor v. Cox*, 114 Mo. 232; *Rees v. McDaniel*, 115 Mo. 145.

II.   Instruction number 1 given by the court of its own motion also contained the error that the riparian owner took title to all lands formed in the Missouri river to the center of the main channel.   This theory carried to its logical conclusion would exclude the possibility of an island in the Missouri river belonging to anyone save the riparian owners on the opposite banks, as they would own the whole river and all islands that might form therein, whereas by the law of this state they only own to the water's edge.   This instruction conflicts with instruction number 5 for plaintiff, which concedes there may be such a thing as an island formed in said river to which the riparian owners would have no title.

The court also erred in limiting defendant's right to the island upon the condition that it must have been formed *on the west side of the .center line of the main channel.* The owner of lands on the bank of the Missouri river is not the owner of an island that springs up in the midst of the river whether the island be on the one side or the other of the thread of the center line of the main channel.

III.  As the case must be retried we add that it seems unnecessary to define what constitutes an island. The sole issue made by the pleadings is whether the lands sued for were accretions to plaintiff's shore land. If they were and are, he is entitled to them without reference to whether they now extend beyond what was once the center line of the main channel.  If they were not formed to his land on the bank of the river by gradual accretion of land thereto or by a gradual reliction of the adjoining bed of the river by the receding of the waters, then he is not entitled to recover whether the lands be called an island or a sand bar or by any other designation.  As the principles governing the case have been so recently reexamined and decided in the cases already cited, it is unnecessary to do more than refer to them.    The judgment is reversed and the cause remanded.  SHERWOOD and BURGESS, JJ., concur.