SLIP OPINION

Cite as 2014 Ark. App. 445

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-651

| | | |
|---|---|---|
| J.C. LOOKABAUGH | | Opinion Delivered September 3, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | | [NO. CV-13-424] |
| | | HONORABLE JAMES O. COX, JUDGE |
| HANNA OIL AND GAS CO. | | |
| | APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant J.C. Lookabaugh appeals from an order of the Sebastian County Circuit Court granting summary judgment in favor of appellee Hanna Oil & Gas Co. ("Hanna"). Hanna filed a complaint against J.C., raising claims of fraud and unjust enrichment. J.C. answered and moved to dismiss. Hanna subsequently moved for summary judgment, and the circuit court granted Hanna's motion on its claim for unjust enrichment. On appeal, J.C. urges that the circuit court erred in two respects: first, in considering an affidavit attached to Hanna's posttrial brief, and second, in granting Hanna's summary-judgment motion while denying his motion to dismiss. We find no error and affirm.

## I. *The Affidavit*

In his first point on appeal, J.C. argues that the circuit court gave improper consideration to an affidavit attached to a posttrial brief filed by Hanna in violation of Arkansas Rule of Civil Procedure 56(c). That rule provides, in pertinent part, that "[n]o party shall submit supplemental supporting materials after the time for serving a reply [to a motion for summary judgment], unless the court orders otherwise."

In considering this issue, we must examine the basis for Hanna's motion for summary judgment and J.C.'s arguments made below. In its pleadings, Hanna asserted that, in 2002, it acquired an interest in a natural gas well in Logan County. At that time, Hanna's records indicated that an overriding royalty interest was owned by J.C. Hanna did not have an address for J.C., so it held the royalty in suspense. In 2010, Nate Buerer, a research specialist for ARI Asset Recovery, contacted J.C. to inform him that ARI had discovered the royalties being held in escrow.[1] Hanna obtained a tax identification number from J.C. and, between July 2010 and October 2010, Hanna paid J.C. a total of $71,135.33 as overriding royalties. Hanna subsequently discovered that the actual owner of the overriding royal interest was L.C. Lookabaugh, J.C.'s brother. Hanna wrote to J.C. on several occasions and asked him to repay

---

[1] J.C. filed a third-party complaint against Buerer and ARI, alleging that they were the ones who had informed him of the royalties and assisted him in completing the forms necessary to obtain the royalties. J.C. therefore claimed that, should Hanna recover anything from him, he was entitled to contribution from the third-party defendants. The third-party defendants never answered, and the circuit court ultimately entered an order granting default judgment against them and awarding J.C. $71,135.33.

SLIP OPINION

the $71,135.33. J.C. failed to do so. Hanna therefore filed its complaint against J.C. alleging fraud and unjust enrichment.

At the subsequent summary-judgment hearing, J.C. argued, among other things, that Hanna lacked standing to sue him for unjust enrichment. In essence, J.C. contended that only L.C. Lookabaugh or his heirs would have standing to bring an unjust-enrichment claim, because they—not Hanna—were the beneficiaries of the royalty payments. The circuit court questioned the parties about the standing issue and requested simultaneous posttrial briefs on the matter. In its brief, Hanna asserted that it had paid the lawful heirs of L.C. Lookabaugh the royalties to which they were entitled. In support of this point, Hanna attached an affidavit from Jackie Clotfelter, a Division Order Analyst for Hanna, stating that Hanna paid L.C.'s heirs the overriding royalty interests, part of which had already been paid to J.C.

After submission of the briefs, the circuit court subsequently entered an order granting summary judgment in favor of Hanna on its unjust-enrichment claim. J.C. filed a motion for new trial, arguing that the circuit court improperly considered the affidavit that Hanna attached to its posttrial brief, after the court had already conducted the summary-judgment hearing. The circuit court denied the new-trial motion.

As noted above, Rule 56 prohibits the submission of supplemental materials without direction by the court. On appeal, J.C. argues that Hanna's affidavit constituted such supplemental materials in violation of the rule. He maintains that the circuit court, by referencing the affidavit in its order, must have improperly considered it in violation of Rule 56 in deciding to grant summary judgment in Hanna's favor. We disagree.

3

The affidavit did not violate Rule 56 because it does not provide supplemental material on questions of fact pertaining to Hanna's unjust-enrichment claim. Rather, the affidavit addressed only Hanna's standing to bring suit against J.C. *See Chubb-Lloyds Ins. Co. v. Miller Cnty. Circuit Court*, 2010 Ark. 119, 361 S.W.3d 809 ("Only a claimant who has a personal stake in the outcome of a controversy has standing." (quoting *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007)). The affidavit did not add to or change the undisputed facts surrounding the question of whether J.C. had been unjustly enriched by retaining the royalty payments to which he was undisputedly not entitled. Stated another way, the affidavit did not touch on the issue of whether there were material questions of fact that could have rendered summary-judgment improper. Rather, it informed the court only that Hanna had suffered an injury (i.e., it had twice paid royalties that were owed to only one party) and thus had standing to bring suit. In fact, the court's only mention of Hanna's payment of royalties to L.C. Lookabaugh's heirs came in the context of discussing Hanna's standing. Accordingly, the affidavit did not inform the court's decision whether to grant Hanna's motion for summary judgment. We therefore affirm on this issue.

## II. *Summary Judgment*

In his second point on appeal, J.C. argues that the circuit court erred in failing to grant summary judgment in his favor. As noted above, J.C. filed a motion to dismiss in which he alleged that Hanna had failed to state facts upon which relief could be granted. He further urged the circuit court to treat his motion to dismiss as a motion for summary judgment because he submitted matters outside of the pleadings for the court's consideration. *See Clark*

*v. Ridgeway*, 323 Ark. 378, 914 S.W.2d 745 (1996); *Pritchett v. Evans*, 2013 Ark. App. 679, 430 S.W.3d 223. On appeal, he argues that the circuit court should have granted his summary-judgment motion because Hanna failed to state sufficient facts to state a claim against him. As a general rule of appellate procedure, however, a denial of a motion for summary judgment is not subject to review on appeal, even after a trial on the merits. *See Wilson v. Greg Williams Farm, Inc.*, 2014 Ark. App. 334, ___ S.W.3d ___ (citing *Get Rid of It Ark., Inc. v. Hughes*, 368 Ark. 535, 247 S.W.3d 838 (2007)). Thus, to the extent J.C. contends that the circuit court should have treated his dismissal motion as one for summary judgment and granted it in his favor, we do not address his argument.

We do, however, address J.C.'s argument that the circuit court erred in granting Hanna's summary-judgment motion on its unjust-enrichment claim.[2] Our law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *J-McDaniel Constr. Co., Inc. v. Dale E. Peters Plumbing Ltd.*, 2014 Ark. 282, ___ S.W.3d ___. Once the moving party has established a prima-facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support

---

[2] We note that J.C. spends much of his argument contending that the circuit court erred in finding that Hanna pleaded sufficient facts to state a claim for fraud. The circuit court, however, did not grant summary judgment on Hanna's fraud claim; instead, the unjust-enrichment claim was the basis for the court's decision.

of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore. *Hatchell v. Wren*, 363 Ark. 107, 211 S.W.3d 516 (2005); *Rigsby v. Rigsby*, 356 Ark. 311, 149 S.W.3d 318 (2004). There must also be some operative act, intent, or situation to make the enrichment unjust and compensable. *Hatchell, supra*; *Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). In general, recovery for unjust enrichment is based upon what the person enriched has received rather than what the opposing party has lost. *Sanders v. Bradley Cnty. Human Servs. Pub. Facilities Bd.*, 330 Ark. 675, 956 S.W.2d 187 (1997). The issue of unjust enrichment is a question of fact. *Wilson v. Lester Hurst Nursery, Inc.*, 269 Ark. 19, 598 S.W.2d 407 (1980). More specifically, in this case, the issue is whether the court erred in finding no material issues of fact and granting summary judgment on Hanna's unjust-enrichment claim.

The undisputed evidence introduced by Hanna showed that L.C. Lookabaugh was the true owner of the overriding royalty interest; that Hanna had paid J.C. $71,135.33 for a royalty interest that J.C. did not own; and that J.C. accepted and retained the benefit conferred by Hanna, despite repeated requests for him to return the money. J.C. never offered any countervailing proof that he, not his brother, owned the royalty interests. On these facts, the circuit court found that it would be unjust and inequitable for J.C. to retain the royalties

to which he was not entitled and correctly determined that there were no genuine issues of material fact which would create a triable issue with reference to Hanna's claim of unjust enrichment.

J.C. nonetheless suggests that, because Hanna voluntarily paid him the money, it should be barred from recovery. As a general rule, payments that are voluntarily made cannot be recovered. *Gautrau v. Long*, 271 Ark. 394, 396, 609 S.W.2d 107, 109 (Ark. App. 1980). Exceptions are found, however, when the payments are made as a result of duress, fraud, failure of consideration, or mistake. *Id*. Here, Hanna's payment to J.C. was based on a mistake as to the true identity of the owner of the royalty interests. As such, the "voluntariness" of Hanna's payment to J.C. is not a bar to recovery.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Rush & Rush*, by: *David L. Rush*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Thomas A. Daily* and *Colby T. Roe*, for appellee.