Cite as 2020 Ark. App. 327

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–19–702

| | |
|---|---|
| EDWARD D. JONES & CO., LLC, AND ALAN FRAZIER<br><br>APPELLANTS<br><br>V.<br><br>CHARLES MICHAEL LEWIS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CHARLEY LEWIS, DECEASED; LAUREN LEWIS; ANDREA LEWIS; AND MARGARET ANNE LEWIS<br><br>APPELLEES | **Opinion Delivered:** June 3, 2020<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-18-698]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellees filed a complaint against appellants, Edward D. Jones & Co., LLC, and Alan Frazier ("Edward Jones"), alleging various causes of action, including breach of contract. Edward Jones filed a motion to compel arbitration, which was denied by the Jefferson County Circuit Court. We affirm the trial court's decision.

### I. *Arbitration Agreements*

As with other types of contracts, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624. As the proponent of the arbitration agreement, Edward Jones had the burden of proving these essential elements. *See id*. We review a trial court's denial of a motion to compel arbitration de novo on the record. *Courtyard Gardens Health & Rehab., LLC*

*v. Arnold*, 2016 Ark. 62, 485 S.W.3d 669. The Arkansas Supreme Court has said that "*de novo* review does not mean that this court can entertain new issues on appeal when the opportunity presented itself for them to be raised below, and that opportunity was not seized." *Lamontagne v. Ark. Dep't of Human Servs.*, 2010 Ark. 190, at 6, 366 S.W.3d 351, 354 (citing *Jones v. Jones*, 320 Ark. 449, 453, 898 S.W.2d 23, 25 (1995)).

## II. *Background*

After Charley Lewis died on May 11, 2018, appellees Charles Michael Lewis, individually and as personal representative of the Estate of Charley Lewis, deceased; Lauren Lewis; Andrea Lewis; and Margaret Anne Lewis[1] filed a complaint against Donna Scruggs; Stephanie Evans; Edward D. Jones & Co., LLC; and Alan Frazier alleging causes of action for fraud and deceit, conversion, unjust enrichment, breach of fiduciary duty, undue influence, constructive trust, negligence, and breach of contract.[2] Lewis alleged that Charley had an "intimate, on-again, off-again, confidential relationship" with Scruggs for approximately fourteen years. Lewis further alleged that Scruggs and her daughter, Evans, interfered with Charley's family relationships and kept him isolated. Lewis also alleged that Charley had opened an investment account with Edward Jones on July 1, 2004, that Charley had been diagnosed with Parkinson's disease in 1999, and that Edward Jones had been made aware of Charley's diagnosis. Lewis alleged that Frazier managed Charley's account after January 1, 2015. According to Lewis, Charley began having auditory and visual hallucinations in December 2014; he was hospitalized many times in the years leading up to his death; and Charley's various

---

[1]Charles Michael Lewis is Charley Lewis's son; Lauren, Andrea, and Margaret Anne are Charley's granddaughters. They will be referred to collectively as "Lewis."

[2]The trial court granted Lewis's motion for default judgment as to separate defendants Scruggs and Evans after they failed to timely respond to Lewis's complaint.

diagnoses pointed to a decline in his mental state. Lewis alleged that Scruggs began making financial decisions for Charley and that Edward Jones permitted her to make those decisions, including changing the beneficiaries of Charley's investment account—worth over one million dollars—to Scruggs and her daughter.

Edward Jones filed a motion to stay the proceedings and compel arbitration, citing an arbitration provision in what it referred to generally as its "account agreements."[3] Edward Jones attached an account authorization and acknowledgement form signed by Charley in 2004, which refers to an arbitration provision on page 20 in an "Account Agreement and Disclosure Statement." The account agreement was not included with the acknowledgment. After Lewis pointed out that Edward Jones had not provided the account agreement referred to in the acknowledgment, Edward Jones supplied an account agreement as it existed on May 30, 2003, that was neither signed nor dated. In fact, it had no spaces for signatures and dates.

The trial court held a hearing on Edward Jones's motion to compel arbitration. The trial court heard only arguments of counsel and considered the briefs and attachments. No testimony was presented. At the hearing, Edward Jones argued that Charley had signed the agreement, that the agreement clearly identified Edward Jones and Charley, that the agreement stated that any dispute regarding the account is subject to arbitration, and that there is a mutuality provision providing that claims by either party are subject to arbitration. Lewis resisted the motion based on lack of mutual agreement and lack of mutual obligations. Specifically, with respect to mutual

---

[3]Edward Jones initially moved to compel arbitration based in part on a transfer-on-death (TOD) agreement with a beneficiary-designation form that had been signed by Scruggs as power of attorney for Charley. Edward Jones has, however, abandoned the argument with respect to the TOD agreement, so we do not discuss it.

agreement, Lewis pointed out that no representative from Edward Jones had signed the account agreement. Edward Jones offered no counter argument.

The trial court denied Edward Jones's motion to compel arbitration. The trial court noted in its written order that Edward Jones had the burden of proof and that Edward Jones failed to prove "mutuality" with respect to the arbitration agreement it sought to enforce. Edward Jones filed a timely interlocutory appeal from the trial court's order. Ark. R. App. P.– Civ. 2(a)(12).

III. *Discussion*

When a trial court denies a motion to compel arbitration without expressly stating the basis for its ruling, that ruling encompasses the issues presented to the trial court by the briefs and arguments of the parties. *Reg'l Care of Jacksonville, LLC v. Henry*, 2014 Ark. 361, 444 S.W.3d 356. Here, the trial court's ruling that Edward Jones failed to demonstrate "mutuality" could include either lack of mutual agreement or lack of mutual obligations or both. Lewis challenged both elements in his argument below, and Edward Jones did not respond to Lewis's argument or offer any evidence to disprove Lewis's argument as it pertained to mutual agreement. Similarly, on appeal, Edward Jones does not argue in its opening brief that the trial court erred in finding that it failed to offer proof of mutual agreement.

On appeal, Edward Jones argues that (1) both federal and Arkansas policies favor enforcing arbitration agreements; (2) the arbitration agreement had the requisite mutuality as it applied equally to both parties; (3) nonsignatories to arbitration agreements can be compelled to arbitrate their claims;[4] (4) the claims against appellants arise out of the Edward Jones accounts,

---

[4]The context makes it clear that the "nonsignatories" to which Edward Jones refers are Lewis and Charley's granddaughters, who did not sign the investment agreement containing an arbitration provision.

4

account agreements, or transactions conducted by Edward Jones—all of which are covered by the arbitration agreement; and (5) Lewis is bound by the arbitration agreement because he seeks the benefits of the account agreement. While Edward Jones acknowledges Lewis's argument that the agreement lacked mutuality because no representative from Edward Jones signed the agreement, Edward Jones then discusses mutuality of obligations—that arbitration applies equally to both parties. Mutual agreement and mutual obligations, however, are two separate elements of a contract, both of which Edward Jones was required to establish in order to enforce arbitration. *Phillips*, *supra*. Edward Jones does not argue in its opening brief that there was, indeed, mutual agreement regardless of whether its representative signed the arbitration agreement. Of course, issues not argued by the appellant are waived. *Country Gentleman, Inc. v. Harkey*, 263 Ark. 580, 569 S.W.2d 649 (1978); *see also Cummings v. Boyles*, 242 Ark. 923, 415 S.W.2d 571 (1967) (setting aside on rehearing its earlier modification of a decree in 242 Ark. 38, 411 S.W.2d 665, because the supreme court recognized that the appellant had not argued that theory as a basis for reversal).

Only in its reply brief does Edward Jones address what has been Lewis's argument all along: the lack of mutual agreement due to the absence of any signature by a representative for Edward Jones. Unfortunately, an argument made for the first time on reply comes too late. It is well established that we will not consider an argument made for the first time in a reply brief. *Orintas v. Point Lookout Prop. Owners Ass'n Bd. of Dirs.*, 2015 Ark. App. 648, 476 S.W.3d 174.

In finding that Edward Jones failed to sustain its burden of proving entitlement to arbitration because Edward Jones did not prove "mutuality," the trial court's ruling included the essential element of mutual agreement, the lack of which was specifically argued by Lewis below. Edward Jones did not respond to this particular argument at the trial court level and

5

does not argue in its opening brief on appeal that the trial court erred in finding it failed to show mutual agreement. While Edward Jones addresses mutual obligations in its opening brief, Edward Jones does not address mutual agreement. Lack of mutual agreement amounted to an alternative, independent basis for the trial court's ruling, which has gone unchallenged by the party with the burden of proof below and the burden of demonstrating error on appeal—Edward Jones. When an appellant fails to challenge a trial court's alternative, independent basis for its ruling, we will affirm. *Fairpark, LLC v. Healthcare Essentials*, 2011 Ark. App. 146, 381 S.W.3d 852. We thus affirm the trial court's decision without reaching the merits of Edward Jones's arguments, and we express no opinion on whether a signature by an Edward Jones representative was required to establish mutual agreement.

Affirmed.

GRUBER, C.J., and SWITZER, VAUGHT, and HIXSON, JJ., agree.

HARRISON, J., dissents.

*Bequette, Billigsley & Kees, P.A.*, by: *George J. Bequette, Jr.*, for appellants.

*Humphries, Odum & Eubanks*, by: *Brent J. Eubanks*, for appellees.