Cite as 2023 Ark. App. 244

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-22-277

| | |
|---|---|
| THOMAS SPOON AND MARIA SPOON<br><br>APPELLANTS<br><br>V.<br><br>CHESTER LEE BOLDS AND LINDA BOLDS<br><br>APPELLEES | Opinion Delivered April 26, 2023<br><br>APPEAL FROM THE PULAKSI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION<br>[NO. 60CV-21-1614]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellants Thomas Spoon and Maria Spoon appeal from the February 16, 2022 Pulaski County Circuit Court order granting summary judgment in favor of appellees Chester Lee Bolds and Linda Bolds in the Boldses' civil suit for damages related to insurance proceeds. We affirm.

This case concerns the Spoons' entitlement to insurance proceeds paid on an insurance claim on a house after the Spoons sold the house to the Boldses. The Boldses purchased the Spoons' house by warranty deed on July 2, 2020. In November 2020, the Boldses filed an insurance claim because they discovered the roof was leaking. The Boldses' insurance coverage would not pay because there was preexisting damage to the roof. The Boldses then filed a claim against the Spoons' homeowner's insurance. That insurer accepted

the claim but paid the money in dispute ($5,219.48) to the Spoons. When the Spoons failed to turn the money paid on the insurance claim over to the Boldses, the Boldses filed suit, raising claims of breach of contract, declaratory judgment, and unjust enrichment.

The Boldses then moved for summary judgment, arguing that the Spoons did not retain any interest in the house after they sold it by warranty deed, including an insurable interest. In response to the motion, the Spoons argued there is no privity of contract between the Boldses and the Spoons' insurance carrier. The Spoons also contend they are entitled to the money because they were the owners of the property at the time of loss. They claim that unjust enrichment cannot equitably apply because the Boldses did not pay for the insurance policy.

In granting summary judgment, the court's order found that any and all interest the Spoons may have had in the house was terminated and extinguished upon the sale of the house to the Boldses, and it ordered the Spoons to reimburse the Boldses for the roof repairs.

Our law is well settled that summary judgment is to be granted by a circuit court only when there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Lookabaugh v. Hanna Oil & Gas Co.*, 2014 Ark. App. 445, at 5–6, 442 S.W.3d 1, 4. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the

2

evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

On appeal, the Spoons argue that summary judgment was not proper because the court did not address the issues of privity of contract, standing, statute of frauds, or timing. To support their argument, they contend the general rule is that insurance policies are personal contracts between the insured and the insurer and that the Boldses were not a party to the original contract or privy to it. Their argument focuses on the theory of contract law rather than the equitable claim of unjust enrichment. While this argument might be persuasive in a breach-of-contract analysis, the Spoons argument ignores the alternate theory of unjust enrichment upon which the lower court could have granted relief.

Our courts have recognized that when a circuit court grants a summary-judgment motion without expressly stating the basis for its ruling, that ruling encompasses all of the issues presented to the circuit court by the briefs and arguments of the parties. *Windsong Enters., Inc. v. Red Apple Enters. Ltd. P'ship*, 2018 Ark. App. 39, at 5, 542 S.W.3d 177, 180. Here the issues of breach of contract, unjust enrichment, and declaratory judgment were briefed to the circuit court. The written order simply provided that the motion should be granted without stating the theory it was relying on. Therefore, we have no alternative but to conclude that the circuit court's grant of the motion for summary judgment constituted a ruling on all of the issues raised by the parties.

To find unjust enrichment, a party must have received something of value to which he or she is not entitled and which he or she must restore. GM *Enters., LLC v. HCH Toyota, LLC*, 2018 Ark. App. 607, at 10, 567 S.W.3d 878, 884. There must also be some operative act, intent, or situation to make the enrichment unjust and compensable. *Id.* One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right. *Id.* Further, if one has money belonging to another, which, in equity and good conscience, he ought not to retain, it can be recovered although there is no privity between the parties. *Patton v. Brown-Moore Lumber Co.*, 173 Ark. 128, 292 S.W. 383 (1927).

Here, it is undisputed that the Spoons received the insurance money that was distributed for repair of the roof of a house they no longer have an interest in. Unjust enrichment amounted to an alternative, independent basis for the circuit court's ruling, which has gone unchallenged by the Spoons. When an appellant fails to challenge a circuit court's alternative, independent basis for its ruling, we will affirm. *Edward D. Jones & Co., LLC v. Lewis*, 2020 Ark. App. 327, at 6–7. Accordingly, we affirm, and the Boldses are entitled to the reimbursement.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellants.

*Bennie O'Neil*, for appellees.

4